UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 24-2955-DMG (JCx)** | Date **August 28, 2024** |
| Title *Adel Yamout v. Jeffry Scapa, et al.* | Page **1 of 4** |

Present: The Honorable **DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND [19] [20] [25]**

Before the Court is Defendant Jeffry Scapa's motion to dismiss Plaintiff Adel Yamout's Complaint. [Doc. # 20.] Yamout also filed a motion to remand to the Los Angeles Superior Court, which is still pending. [Doc. ## 25 ("MTR"), 25 ("MTD").] The MTR is fully briefed. [Doc. ## 27 ("MTR Opp."), 29 ("MTR Reply").] Scapa filed a Notice of Non-Opposition to his MTD [Doc. # 30] claiming that Yamout had not replied to his arguments, but Yamout's MTR Reply clarified that the arguments contained in his MTR briefing should also be considered in opposition to the MTD. *See* MTR at 2 n.1.[1] Scapa also submitted three unopposed Requests for Judicial Notice ("RJN") in support of these motions, and Yamout submitted one in response to the Court's OSC.[2] [Doc. ## 21, 28, 33, 34-1.]

This case relates to the foreclosure sale of a real property located at 1316 Beverly Grove Place, Los Angeles, California 90210 (the "Property"). *See* Ntc. of Removal, Ex. 1 (Compl.) ¶ 1 [Doc. # 1-1]. Until recently, the Property was part of the Chapter 7 bankruptcy estate of MDRCA Properties, LLC ("MDRCA"), an LLC of which Yamoute is the sole owner. *See In re MDRCA Properties, LLC*, Case No. 23-bk-18108-BR (C.D. Cal.); Compl. ¶¶ 3, 13.

On July 31, 2024, the Court issued an Order to Show Cause,[3] ordering Scapa to respond to whether the Bankruptcy Court's abandonment of the Property from the bankruptcy estate divested this Court of jurisdiction over his claims. [Doc. # 32 ("OSC").] Scapa filed his timely response to that OSC. [Doc. # 34 ("OSC Resp.").]

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.
[2] Since each exhibit for which the parties seek judicial notice is a publicly-available government document whose authenticity is not in dispute, the Court **GRANTS** the four RJNs in full. *See* Fed. R. Evid. 201; *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd*, 678 F. App'x 594 (9th Cir. 2017) (public records and government documents are proper subject of judicial notice).
[3] While removability is ordinarily determined from the face of the complaint at the time of removal, courts must remand when the district court lacks subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985); 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2955-DMG (JCx) | Date | August 28, 2024 |
|---|---|---|---|
| Title | *Adel Yamout v. Jeffry Scapa, et al.* | Page | 2 of 4 |

For the following reasons, the Court **DISCHARGES** its OSC and **DENIES** Yamout's MTR, and **GRANTS** Scapa's MTD for lack of standing.

## I.
## DISCUSSION

**A.     "Related to" Jurisdiction**

District courts (and bankruptcy courts by reference) have "original but not exclusive jurisdiction of all civil proceedings arising under title 11," the Bankruptcy Code, "or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also Stern v. Marshall*, 564 U.S. 462, 473 (2011).  A case is "related to" title 11 for this purpose if its outcome could have *any convincible effect* on the estate being administered in bankruptcy. *McGuire v. United States*, 550 F.3d 903, 911–12 (9th Cir. 2008) (emphasis added) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).  This basis of jurisdiction is "very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire* Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation marks omitted)); *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308 (C.D. Cal. 2010) ("In *In re Fietz*, the Ninth Circuit made clear it was adopting an expansive view of relatedness; even a remote relationship confers 'related to' jurisdiction.").

The Court likely has "related to" jurisdiction over Yamout's claims because the outcome of the case could potentially alter the Debtor MDRCA's liabilities to its creditors.  Scapa lent MDRCA a principal amount of $3.8 million, with an annual interest rate of 10%, and is claiming a debt of $2,824,044.16.  *See* Compl. ¶¶ 13, 22.  If Yamout were successful in his lawsuit, the result will be, at minimum, a reduction in the amount MDRCA owes and therefore, by extension, in the administration of his estate. *See* MTR Opp. at 9–10; OSC Resp. at 2–7.  On this basis, the Court **DISCHARGES** the OSC and **DENIES** Yamout's MTR.[4]

The Court concludes that "related to" jurisdiction exists over Yamout's claims, and the OSC is hereby **DISCHARGED**.  Yamout's MTR is **DENIED**.

---

[4] Of course, the Court's conclusion that Yamout lacks standing, *see infra*, means that the lawsuit will not, practically speaking, alter MDRCA's liabilities.  But the test for "related to" jurisdiction makes clear that it need not be guaranteed to establish jurisdiction—"even a remote relationship" confers it.  *See Stichting Pensioenfonds ABP*, 447 B.R. at 308.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 24-2955-DMG (JCx) | Date | August 28, 2024 |
| Title | *Adel Yamout v. Jeffry Scapa, et al.* | Page | 3 of 4 |

**B.     Standing**

Another issue exists concerning the Court's subject matter jurisdiction over this action. In its Order Dissolving Yamout's Temporary Restraining Order ("Ord Dissolving TRO"), the Court expressed its "serious doubts as to Yamout's standing, and therefore its own subject matter jurisdiction over the matter." *See* Ord. Dissolving TRO at 3 (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 641 (9th Cir. 1988)).

Yamout—as opposed to his LLC, MDRCA—does not have an interest in the loan at issue in his Complaint. *See Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Servs., Inc.*, 180 Cal. App. 4th 1090, 1103 (2009) ("As a general rule only parties with an interest in the secured loan or in the real property security itself have standing to challenge or attempt to set aside a nonjudicial foreclosure sale."). As the Court previously stated, "there is no evidence that Yamout will suffer any irreparable non-economic harm independent of harm suffered by MDRCA properties. He is merely the guarantor on the loan, and there is no indication that Scapa has sued him or intends to somehow hold him personally liable for the debt." *See* Ord. Dissolving TRO at 3.

While "irreparable non-economic harm" is not required for Article III standing, the point is that there is not a showing of injury-in-fact. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018); *Lujan v. Defenders of Wildlife*, 504 U.S. 55, 560–61 (1992). Yamout nearly concedes this point in his MTR Reply as he tries to argue that the MDRCA bankruptcy has no bearing on this case. *See* MTR Reply at 5 – 6 ("Here, the claim at issue is not made by a participant in the bankruptcy case or against the debtor or trustee. Rather, Yamout signed a completely separate document . . . .").

Even after an opportunity to supplement the record and develop his arguments, Yamout has not assuaged the Court's concerns. As also noted in the Court's Order Dissolving the TRO, the Guaranty Agreement states that Yamout does not personally have "any right, title, interest or claim in" the Property in the case of a nonjudicial foreclosure. *See* Ord. Dissolving TRO at 2 (citing Decl. of Andrew Mase ISO TRO Opp., Ex. 1 (Guaranty Agreement) at 25 [Doc. # 13-1]). In his briefing, Yamout cites a case in which the *lender* has standing to pursue a *guarantor*, but none in which the *guarantor* can pursue a lender as he does in his Complaint. *See* MTR Reply at 9 (citing *Roes v. Wong*, 69 Cal. App. 4th 375, 380 n.5 (1999)). Similarly, the treatise he cites states that a guarantor may raise the *defense* of usury, but says nothing (nor cites any caselaw) that even implies that a guarantor may bring this type of claim affirmatively without the debtor's involvement in the lawsuit. *Id.* (citing *Who can raise the defense of usury—Guarantors and sureties*, Miller and Star, 11 Cal. Real Estate (4th) § 37:37).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 24-2955-DMG (JCx) | Date | August 28, 2024 |
| Title | *Adel Yamout v. Jeffry Scapa, et al.* | Page | 4 of 4 |

## II.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Scapa's MTD and **DISMISSES** this case without prejudice, for lack of standing. Yamout's MTR is **DENIED**.

**IT IS SO ORDERED.**